**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JEFFREY A. ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:08-CV-92 TS |
| | ) | |
| SCOTT BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the pro se Plaintiff's Motion for Default Judgment [DE 22], filed on August 4, 2009.

Federal Rule of Civil Procedure 55, which governs the entry of default and the entry of default judgment, creates a two-step process: "the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) (stating that there is a clear distinction "between the entry of default and the entry of a default judgment"). The first step is satisfied when the clerk enters a party's default because it has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step—the entry of default judgment that is anticipated by subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b).

Because the Plaintiff has not sought and obtained an entry of default from the Clerk for the Defendant's failure to plead or otherwise defend, the Motion for Default Judgment will be denied as premature. The Motion is also premature for the additional reason that the summons was returned executed on Defendant Scott Bell on August 6, 2009, and thus the Defendant had

not yet been served with the Complaint, and the time for the Defendant to file a responsive pleading had not yet passed when the Defendant filed his Motion on August 4.[1]

For the foregoing reasons, the Motion for Default Judgment [DE 22] is DENIED WITHOUT PREJUDICE.

SO ORDERED on August 14, 2009.

                                                               s/ Theresa L. Springmann
                                                         THERESA L. SPRINGMANN
                                                         UNITED STATES DISTRICT COURT
                                                         FORT WAYNE DIVISION

---

[1] In its June 19, 2009, Opinion and Order screening the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Court directed the United States Marshals Service to effect service of process on Defendant Scott Bell.